UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM KING, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:18-cv-00096 |
| v. ) | CHIEF JUDGE CRENSHAW |
| ) | |
| SCCF, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner has filed a pro se petition for writ of habeas corpus (Doc. No. 1), an application to proceed in forma pauperis (Doc. No. 2), and a motion to receive jail credit (Doc. No. 6).

### I. Application to Proceed In Forma Pauperis

By Order entered on November 28, 2018, the Court notified Petitioner that his application to proceed in forma pauperis could not be processed at that time because Petitioner had not submitted a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his petition as required by 28 U.S.C.§ 1915(a)(2). (Doc. No. 4). The Court therefore directed the Clerk to return Petitioner's application to him and, in turn, directed Petitioner to do one of the following within 28 days of the date he received the Court's Order: either return to the district court a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the date of the entry of this Order, as required under 28 U.S.C. § 1915(a)(2), or submit the full civil filing fee of $5.00 to the Clerk of Court. (Id. at 1-2).

Petitioner then filed a notice stating that, on January 10, 2019, he submitted a written request to the inmate trust fund account officer at the South Central Correctional Facility (SCCF),

1

seeking withdrawal of $5.00 from his inmate account to be mailed to the Court. (Doc. No. 9 at 1). He stated that, as of January 22, 2019, he had not received any confirmation or rejection of his request. (*Id*.) He asked the Court to order SCCF to take $5.00 out of his account and mail it to the Court. (*Id*.)

After checking with the Court's financial department and confirming that, to date, SCCF had not sent any money from Petitioner's account to the Court to be applied to this case or any case, the Court construed Petitioner's notice as a motion for an extension of time within which to comply with the Court's prior Order and granted the motion. (Doc. No. 8). The Court encouraged Petitioner to follow up with SCCF officials on his request for a withdrawal from his inmate trust fund account and to make a copy of his written follow-up request, to be provided to the Court should he receive no response. (Id.)

Petitioner now has submitted a letter to the Court in which he states that he has provided SCCF Case Manager Hodein "for Unit EB" with the forms authorizing and directing SCCF to withdraw the filing fee from his account and mail the fee to the Court; he provided a stamped envelope as required; he asked for his certified inmate trust account statement; and he filed a grievance concerning SCCF staff members' failure to mail the filing fee to the Court and has received no response. (Doc. No. 11 at 1).

It appears that Petitioner has attempted to comply with the Court's Orders and has been unable to do so for reasons outside of his control. The Court finds that, under these specific circumstances—including Petitioner's statements made to the Court under penalty of perjury—Petitioner has made a good faith effort to pay the filing fee in this matter and/or obtain pauper status with proper documentation. See Michael Kilpatrick v. James O'Rouke, No. 3:16-cv-01840 (M.D. Tenn. 2016) (Sharp., J.) (Doc. No. 3 at 2) (if jail officials refuse to cooperate with Plaintiff's

efforts to get his inmate account statement certified, Plaintiff may submit a signed statement to the Court detailing his attempts to comply with the Court's Order). Accordingly, Petitioner's application to proceed in forma pauperis (Doc. No. 2) is **GRANTED**.

## II. Habeas Corpus Petition

Petitioner does not specify under which statute he seeks habeas relief. (Doc. No. 1). In his petition, he alleges that he has been trying to obtain a complete copy of the record in Petitioner's state court action in Fentress County, Tennessee, since March of 2016. (Id. at 1). He also has attempted to reopen his post-conviction proceedings and has not received a ruling on his motion to reopen. (Id.) He has written the state court judge concerning "his sentence being expired" and has not received a response. (Id.)

According to the petition, beginning on December 27, 2018, King spent six months in a court-ordered inpatient drug rehabilitation program and has been on parole for 17 months. (Id. at 2). The petition alleges that King's "street days" count towards his current sentence. (Id.) Petitioner believes that he has not been credited with his street days, and that "[i]ts [sic] on record at my plea bargain proceeding that any pre-trial jail credits are to be 'determined.'" (Id.) The District Attorney has determined the amount of his jail credits but the petition alleges that "[h]is dates and mine are not the same." (Id.)

After filing his habeas petition, Petitioner filed a document entitled "Expedited Ruling Requested/Declaration" in which he provides additional information pertaining to the allegations of his habeas petition and clarifies the relief sought in his petition. (Doc. No. 6). The Court construed that filing as a motion to receive jail credit. (Id.) In his motion, Petitioner states that his sentence is expired and he has "served the time agreed to between the state and myself on 1-

11-11 . . . ." (Id. at 1-2). According to Petitioner, he has served 10 years on a 12 year sentence, and he has earned almost 800 sentence credit days. (Id.)

Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treatises of the Unites States[.]" A petition for a writ pursuant to 28 U.S.C. § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)). An incarcerated state petitioner may use 28 U.S.C. § 2241 to challenge the execution of a sentence, the manner in which a sentence is being served, or claims generally pertaining to the computation of parole or sentencing credits. Ali v. Tenn. Bd. of Pardon and Paroles, 431 F.3d 896, 896 (6th Cir. 2005). The Court finds that the instant petition should be construed as having been filed pursuant to Section 2241 since the petition advances claims pertaining to the computation of Petitioner's sentence and the application of sentence credits.

After conducting a preliminary review of Petitioner's Section 2241 petition under Rule 4, Rules – Section 2254 Cases, it is not readily apparent that Petitioner is not entitled to relief. Consequently, Respondent is **ORDERED** to file an answer, plead or otherwise respond to the petition in conformance with Rule 5, Rules — § 2254 Cases, within 30 days of the date of receipt of this Order.

If Respondent's position is that Petitioner has not exhausted his state court remedies or that the petition was untimely filed, Respondent is not required to respond to the merits of the petition at this time.

Respondent shall file the complete state court record relevant to its response, including, if appropriate, the complete trial court record, the complete record on direct appeal, and the complete

trial and appellate court record in connection with any state petition for collateral relief including, but not limited to, transcripts for all proceedings and rulings on any state petition. *See* Habeas Rules 5(c) & (d). If appropriate, Respondent's notice of filing shall include a comprehensive index indicating the precise location of each distinct part of the relevant record (*e.g.*, plea proceedings, pre-trial hearing transcripts, voir dire, each portion of trial testimony, trial exhibits, jury instructions, verdict, each party's briefs at each level of appeal, each court's final ruling on appeal and collateral proceedings, etc.). The record shall be organized and appropriately indexed, and distinct parts of the record should be electronically bookmarked for ease of reference in identifying documents relevant to the state court proceedings.

If Respondent files an answer, the answer must comply with the requirements set forth in Habeas Rule 5. The answer shall address each alleged ground for relief and shall be fully briefed with citations to the state court record and to governing Supreme Court precedent. For each claim, the answer shall, at a minimum: (1) assert any procedural defenses; (2) identify the clearly established Supreme Court precedent governing the claim; (3) state whether the claim was exhausted in state court; (4) cite the state court's ruling for exhausted claims; and (5) respond to Petitioner's argument that he or she is entitled to habeas relief on the claim with appropriate reasoned legal and factual argument. Failure to comply with these requirements may result in Respondent being directed to file a new answer in conformance with these requirements.

Petitioner may file a reply to Respondent's answer limited to disputing specific points of fact or law raised by the answer within 30 days of the date the answer is filed. The Court will consider the matter ripe for review if Petitioner fails to file a reply, or to seek additional time to file a reply, within 30 days of the date the answer is filed.

If Respondent files a motion, the motion shall comply with the requirements of the Federal Rules of Civil Procedure, *see* Habeas Rule 12, and where relevant, shall address the issues of exhaustion and timeliness.

Petitioner may file a response to Respondent's motion within 30 days of the date the motion is filed. If Petitioner fails to timely respond to Respondent's motion, or fails to seek additional time to respond, the Court may construe Petitioner's failure to respond as Petitioner's agreement that the motion has merit and may grant the motion without further briefing. Respondent may file a reply, or seek additional time to file a reply, within 15 days of the date Petitioner's response to the motion is filed.

The Clerk is **DIRECTED** to serve a copy of the petition and this Order on Respondent and the Attorney General of Tennessee. *See* Habeas Rule 4.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE