UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM CARTER KING, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:18-cv-00096 |
| | ) | |
| v. | ) | |
| | ) | |
| CHERRY LINDAMOOD, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

William Carter King is a Tennessee prisoner incarcerated at the Hardeman County Correctional Facility, where he is currently serving a total effective sentence of twelve years pursuant to criminal judgments of conviction for burglary, theft of property valued at more than $500, and possession of a controlled substance. He filed a pro se, in forma pauperis petition for a writ of habeas corpus under 28 U.S.C. § 2241 alleging that his sentence already has expired. (Doc. No. 1).

Presently pending before the Court are Petitioner's Motions to Receive Jail Credit (Doc. No. 6) and to Amend and/or Supplement (Doc. No. 22). Also pending is Respondent's Motion to Dismiss the habeas petition. (Doc. No. 25).

**I.   Preliminary Matters**

    **A.   Proper Respondent**

When Petitioner filed his original § 2241 petition, he was confined at the South Central Correctional Facility in Clifton, Tennessee. However, Petitioner currently is confined at the Hardeman County Correctional Facility. Hilton Hill, Jr. is the Warden of that facility. Pursuant to Habeas Rule 2, if the petitioner is currently in custody under a state-court judgment, the petition

1

must name as respondent the state officer who has custody. Therefore, the Clerk will be directed to substitute Hilton Hall, Jr. as the proper Respondent in this case.

### B. Petitioner's Motion to Amend and/or Supplement

After filing his petition, Petitioner filed a Motion to Amend and/or Supplement his petition. (Doc. No. 22). Petitioner seeks to add a statement that "[t]he record is 100 percent void of any evidence to support the indictment" and a request for compensation "for every day spent incarcerated" after the expiration of his sentence. (Id. at 1). Petitioner's motion will be granted, and the Court will consider the petition amended as requested.

### C. Petitioner's Motion to Receive Jail Credit

Petitioner's Motion to Receive Jail Credit (Doc. No. 6) posits that Petitioner's sentence is expired and, in December of 2018, he "will have served 10 years on a 12 year sentence." (Id. at 2). Because this Motion raises the same arguments as Petitioner's § 2241 petition, the Court must consider Petitioner's Motion simultaneously with the petition.

## II. Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241

### A. Procedural History

On February 26, 2009, Petitioner was indicted in Fentress County Criminal Court on charges of burglary and theft of property valued at more than $500 in Case Number 9536. (Doc. No. 24, Attach. 1 at PageID# 100-01). At the time of the offenses, Petitioner was on probation for a one-year sentence in Case Number 29884. (See Doc. No. 24, Attach. 1 at PageID# 111). On July 9, 2009, Petitioner pled guilty to both offenses in Case Number 9536. (Id. at PageID # 128-29). At that time, the trial court entered an interim judgment and set a sentencing hearing for September 21, 2009. (Id. at PageID# 132). At the sentencing hearing, the trial court imposed a six-year sentence for the burglary conviction and a one-year sentence for the theft conviction. (Id. at

PageID# 133-34). The sentences were consecutive to each other and consecutive to the sentence in Case Number 32291. (Id.) The result was a total effective sentence of seven years with one year to be served in split confinement before Petitioner was released on supervised probation for the remaining six years. (Id.) While on probation, Petitioner was to enter and complete a long-term drug rehabilitation program. (Id.) The trial court awarded pretrial jail credit in the amount of 170 days for two periods: December 27, 2008, to April 20, 2009, and July 28, 2009, to September 21, 2009. (Id.) The trial court also applied a total of 40 days of pretrial behavior credits in accordance with Tennessee Code Annotated § 41-21-236. (Doc. No. 26, Attach. 1 at 2). Petitioner was released from the custody of the Fentress County Jail on February 14, 2010, to probation supervision. (Id.)

On October 28, 2010, Petitioner was indicted in Fentress County Criminal Court on a charge of unlawful possession of a controlled substance in a penal institution in Case Number 10-108. (Doc. No. 24, Attach. 2 at PageID# 154-55). Based on that indictment, a petition to revoke his probation was filed in Case Number 9536 on January 24, 2011. (See Doc. No. 24, Attach. 1 at PageID# 136). The petition alleged that the offense of unlawful possession of a controlled substance in a penal institution occurred on August 21, 2010, while Petitioner was serving the split confinement portion of his sentence in Case Number 9536. (See id.) On the same day that the probation revocation petition was filed, Petitioner entered a guilty plea in Case Number 10-108. (See Doc. No. 24, Attach. 2 at PageID# 163-64). The trial court imposed a sentence of five years to be served consecutive to the seven-year sentence in Case Number 9536 for a total effective sentence of twelve years. (Id. at PageID# 167). The trial court revoked the probation in Case Number 9536 and ordered that the entire twelve-year sentence be served on Community Corrections. (See id. at PageID# 163-68). When Petitioner was accepted into a long-term drug

3

rehabilitation program at Faith Farm in Florida, the trial court ordered that Petitioner successfully complete the program as part of the terms of his Community Corrections sentence. (Id. at PageID# 165). Petitioner remained in jail until February 21, 2011. (Doc. No. 26, Attach. 1 at 2).

On May 16, 2011, a petition for violation of Community Corrections was filed in both cases, alleging that Petitioner had been discharged from the drug rehabilitation program for dealing Oxycodone pills and falsifying a drug test. (Id. at PageID# 169). After a revocation hearing on November 7, 2011, the trial court revoked Petitioner's Community Corrections sentence and ordered that Petitioner serve the remainder of his twelve-year sentence in prison. (Id. at PageID# 175). At that time, the trial court awarded jail credit for time served on Community Corrections during the following periods: January 14, 2011, to February 21, 2011, and August 15, 2011, to November 7, 2011. (Id. at PageID# 179).

Petitioner was admitted to the custody of the Tennessee Department of Correction (TDOC) on January 26, 2013, and was granted parole and released to parole supervision on October 6, 2014. (Doc. No. 26, Attach. 1 at 2). He violated parole and parole was revoked on June 27, 2016, while in the custody of the Davidson County Sheriff's Department. (Id.) Petitioner was transferred to the custody of TDOC on July 7, 2016, and has remained in TDOC custody since that date. (Id.)

Petitioner appealed the revocation of his Community Corrections sentence, and the Tennessee Court of Criminal Appeals affirmed the decision of the trial court. State v. King, No. M2011-02561-CCA-R3-CD, 2013 WL 1143246, at *1 (Tenn. Crim. App. Mar. 20, 2013). Petitioner did not file an application for permission to appeal to the Tennessee Supreme Court.

While appealing the revocation of his Community Corrections sentence, Petitioner also initiated state post-conviction proceedings by filing a pro se petition for post-conviction relief in Case Number 10-108 on January 4, 2012. (Doc. No. 24, Attach. 9 at PageID# 299). The court

appointed counsel, and Petitioner filed an amended petition, alleging that his guilty plea in Case Number 10-108 was unknowing and involuntary due to the ineffective assistance of counsel. (See id. at PageID# 314-18). After an evidentiary hearing, the post-conviction court denied the post-conviction petition. (Id. at PageID# 345). On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. King v. State, No. M2014-00512-CCA-R3-PC, 2014 WL 7180399, at *1 (Tenn. Crim. App. Dec. 17, 2014), perm. app. denied (Apr. 13, 2015). The Tennessee Supreme Court denied discretionary review. (Doc. No. 24, Attach. 16).

On April 5, 2017, Petitioner filed a motion to reopen his post-conviction proceedings, alleging his actual innocence of possession of a controlled substance in a penal institution in Case Number 10-108 and claiming that the State did not disclose the results of the testing of the controlled substance giving rise to that charge. (See Doc. No. 24, Attach. 17).

On November 2, 2018,[1] Petitioner filed a pro se petition for writ of habeas corpus in this Court, alleging that his sentence is expired. (Doc. No. 1).

On March 25, 2019, the Court ordered Respondent to provide the state-court record and to file an answer, plead or otherwise respond to the petition. (Doc. No. 12). Respondent filed a motion to dismiss the habeas corpus petition without prejudice, alleging that Petitioner has not yet exhausted the remedies available in state court for challenging his sentence. (Doc. No. 25).

In his petition and in his Motion for Pre-Trial Credit, Petitioner alleges that is he being unlawfully confined beyond the expiration of his twelve-year sentence for Case Numbers 9536 and 10-108. (Doc. No. 1).

---

[1] Under the "prison mailbox rule" of Houston v. Lack, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in Richard v. Ray, 290 F.3d 810, 812 (6th Cir. 2002) and Scott v. Evans, 116 Fed. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Here, Plaintiff signed and dated his petition on November 2, 2018, although the Clerk's Office did not receive and file the petition until November 8, 2018. Under the prison mailbox rule, the Court considers November 2, 2018, as the date of filing.

B.  **Standard of Review**

In his § 2241 petition, Petitioner did not specify under which statute he seeks habeas relief. Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treaties of the Unites States[.]"  A petition for a writ pursuant to 28 U.S.C. § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)).   An incarcerated state petitioner may use 28 U.S.C. § 2241 to challenge the execution of a sentence, the manner in which a sentence is being served, or claims generally pertaining to the computation of parole or sentencing credits. Ali v. Tenn. Bd. of Pardon and Paroles, 431 F.3d 896, 896 (6th Cir. 2005); Greene v. Tenn. Dep't of Corr., 265 F.3d 369, 372 (6th Cir. 2001). But see Allen v. White, 185 F. App'x 487, 490 (6th Cir. 2006) (noting that "there exists some question whether state prisoners may ever proceed under § 2241").

The Court previously determined that the instant petition should be construed as having been filed pursuant to Section 2241 because the petition advances claims pertaining to the computation of Petitioner's sentence and the application of sentence credits.  (Doc. No. 12 at 3-4). Petitioners must first exhaust their administrative remedies prior to filing a Section 2241 petition. See Phillips v. Ct. of Common Pleas, 668 F.3d 804, 810 n.4 (6th Cir. 2012); Ali v. Tenn. Bd. of Pardon & Paroles, 431 F.3d 896, 897-98 (6th Cir. 2005).

C.  **Analysis**

In Tennessee, prisoners have a statutory right to jail credit for "time served in the jail pending arraignment and trial as well as the time subsequent to any conviction arising out of the original offense for which he was tried." State v. Henry, 946 S.W.2d 833, 834 (Tenn. Crim. App.

1997) (citing Tenn. Code Ann. § 40-23-101(b)). The trial court is responsible for awarding prejudgment jail credit, and a challenge to the award of prejudgment jail credit must be brought in the trial court. See Yates v. Parker, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); Henry, 946 S.W.2d at 834. The Tennessee Supreme Court recently has clarified that the appropriate procedural mechanism for challenging the award of jail credit is through a motion to correct a clerical error under Tennessee Rule of Criminal Procedure 36. See Order, Anderson v. Washburn, No. M2018-00661-SC-R11-HC (Tenn. June 27, 2019) (for publication) (explaining that failure to award pretrial jail credit is not a cognizable ground for relief in a state habeas corpus petition or a motion to correct an illegal sentence) (See Doc. No. 26, Attach. 2).

However, a prisoner challenging the award of post-judgment sentence reduction credits, such as "good time" or behavior credits, must follow the procedures of the Uniform Administrative Procedures Act ("UAPA"). See Yates, 371 S.W.3d at 155 ("The proper avenue to address post-judgment jail credit for prisoners is through the TDOC administratively."). The same is true for a challenge to the sentence expiration date or release eligibility date. See Hughley v. State, 208 S.W.3d 388, 395 (Tenn. 2006); see also Tenn. Code Ann. § 40-35-501(r); Shorts v. Bartholomew, 278 S.W.3d 268, 277-78 (Tenn. 2009).

In order to exhaust under the UAPA, a petitioner first must seek a declaratory order regarding the sentence calculation from TDOC. Stewart v. Schofield, 368 S.W.3d 457, 464 (Tenn. 2012); Bonner v. Tenn. Dep't of Corr., 84 S.W.3d 576, 583 (Tenn. Ct. App. 2001) (citing Tenn. Code Ann. § 4-5-5-225(b)). If TDOC refuses to issue a declaratory order, the petitioner may seek judicial review by seeking a declaratory judgment in the chancery court and may appeal the chancery court's adverse decision to the Tennessee Court of Appeals. Stewart, 368 S.W.3d at 464; Bonner, 84 S.W.3d at 578.

To the extent Petitioner sets forth a claim predicated on the award of prejudgment jail credit, he has not yet exhausted such claim. Petitioner has filed a "motion to receive jail credit" in the trial court regarding his prejudgment jail credit. (See Doc. No. 24, Attach. 18). It appears that the trial court has not yet disposed of that motion. Once the trial court rules on the motion, Petitioner will need to complete an appeal to the Tennessee Court of Criminal Appeals in order to exhaust his state court remedies with respect to this claim. Consequently, this claim is unexhausted, and the Court may not grant relief on the claim at this time.

To the extent Petitioner advances a claim predicated on the calculation of his sentence expiration date or the award of sentence reduction credits, he also has not yet exhausted that claim either. Petitioner alleges that he has earned approximately 800 sentence reduction credits (see Doc. No. 1 at PageID# 2; Doc. No. 6 at PageID# 15), 200 good-time credits (see Doc. No. 11 at PageID# 38), and hundreds of program and behavior credits (see Doc. No. 16 at PageID# 53-54).[2] It does not appear that Petitioner has availed himself of the remedies under the UAPA with respects to this claim. See Stewart, 368 S.W.3d 457, 464-65 (explaining the applicable procedure under the UAPA and stating that "an inmate dissatisfied with TDOC's calculation of a release eligibility date may challenge the calculation, but the challenge must comply with the procedures of the UAPA"); see also Cooksey v. Leibach, No. 3:14-cv-01105, 2014 WL 5589898, at *3-4 (M.D. Tenn. Nov. 3, 2014) (dismissing habeas corpus petition without prejudice where petitioner failed to exhaust a sentencing claim through Tennessee's UAPA); see also Anter v. Tenn. Dep't of Corr., No. 3:19-cv-00305, 2019 WL 2075888, at *2-3 (M.D. Tenn. May 10, 2019) (reviewing state remedies for exhaustion of claim that a state prisoner was denied "street time" credit); Bru'ton v. Johnson, No. 3:15-cv-00884, 2016 WL 912283, at *5 (M.D. Tenn. Mar. 9, 2016) (finding that

---

[2] According to TDOC, Petitioner has received credit for 701 days of sentence reduction credits. (Doc. No. 26 at Attach. 1).

petitioner's § 2241 petition was unexhausted because petitioner challenging his sentence credits had not availed him of the remedies provided by UAPA). Therefore, the petition is subject to dismissal without prejudice until Petitioner properly exhausts his state court remedies for challenging his sentence. See Rose v. Lundy, 455 U.S. 509, 522 (1982).

The Court acknowledges Petitioner's frustration with trying to calculate and understand the application of his various sentence credits. Petitioner is directed to the Affidavit of Candace Whisman submitted by Respondent in support of the Motion to Dismiss. (Doc. No. 26 at Attach. 1). Whisman is employed by TDOC as Director of Sentence Management Services. (Id. at 1). In paragraph 12 of her affidavit, she sets forth the details of Petitioner's sentence calculation as undertaken by TDOC, including the application of all known credits. (Id. at 2-3). If Petitioner disagrees with TDOC's calculation, he can challenge the calculation by way of the methods described above while exhausting his state court remedies.

**III.    Conclusion**

For the reasons set forth herein, the Clerk will be directed to substitute Hilton Hall, Jr. as the proper Respondent in this case; Petitioner's Motion to Amend and/or Supplement (Doc. No. 22) will be granted; Petitioner's Motion to Receive Jail Credit (Doc. No. 6) will be denied as premature; the petition filed by William Carter King seeking relief under § 2241 will be denied; and this action will be dismissed without prejudice so that Petitioner can exhaust available remedies in state court.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial

9

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller–El, 537 U.S. at 327. The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Because jurists of reason would not disagree with the resolution of Petitioner's claims, the court will deny a COA.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE